**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOWAKI KOMATSU, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NYP HOLDINGS, INC. and THE NEW ) <br> YORK POST, INC., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 12-07088 <br><br> **OPINION** |

**LINARES, District Judge.**

This matter comes before the Court by way of NYP Holdings, Inc. and The New York Post, Inc.'s (collectively "Defendants") motion to dismiss the Complaint for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted. Docket Entry No. 4. The Court has considered the submissions made in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants' motion to dismiss is granted.

**I.   BACKGROUND**[1]

Plaintiff is an information technology and services professional. Compl. at 2. In November 2011, Plaintiff was interviewed by the New York Post in connection with its Occupy Wall Street protest coverage. Defs. Br. at 1. Plaintiff alleges that Defendants subsequently published a print article and video interview that erroneously characterized the duration of

---

[1] For purposes of the current motions, the Court accepts as true each of the facts set forth in Plaintiff's complaint. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

Plaintiff's unemployment and "the types of firms [he] was interested in working for." Compl. at 1. Plaintiff contacted the New York Post in November and December 2011 to inform them about the factual inaccuracies in these stories and request a retraction, but he alleges that this request was denied. Compl. at 2.

Plaintiff claims that these stories "may have caused people that may have granted [Plaintiff] a job interview or otherwise chosen to have hired [him] for a job in the I.T. field to not do so because of how the New York Post, Inc. falsely characterized [his] length of unemployment." Compl. at 2. On November 15, 2012, Plaintiff, proceeding *pro se*, brought the present action against Defendants seeking $5,000,000[2] in damages for libel and slander in violation of N.J.S.A. 2A:15-63. *See* Civil Cover Sheet at 1.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), courts must dismiss a complaint if it lacks subject matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1). Standing is a jurisdictional matter and thus "a motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b)(1)." *Ballentine v. U.S.*, No. 1999-130, 2006 U.S. Dist. LEXIS 96631, *3 (D.V.I. Sept. 21, 2006) (adopted by *Ballentine v. U.S.*, 486 F.3d 806, 810 (3d Cir. 2007)). Under Rule 12(b)(1), courts must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party. *Id.* Motions to dismiss under Rule 12(b)(1) may be treated as either a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000). Under a facial attack, the movant challenges the legal sufficiency of the claim and the court

---

[2] Plaintiff subsequently requested that the "amount being sought in damages in th[e] lawsuit [be] increased from $5,000,000 to $30,000,000." Docket Entry No. 9.

2

considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id.* In reviewing a factual attack, however, the challenge is to the actual alleged jurisdictional facts. Thus, in that instance courts are free to consider evidence outside of the pleadings. *Id.* Finally, once a 12(b)(1) challenge is raised, the burden shifts to the plaintiff to demonstrate the existence of subject matter jurisdiction. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

### B. Federal Rule of Civil Procedure 12(b)(6)

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips*, 515 F.3d at 231 (citing *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 215-16 (3d Cir. 2002)). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will survive a motion to dismiss if it contains "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

Defendants move to dismiss Plaintiff's complaint alleging "lack of subject matter jurisdiction" and "failure to state a claim" upon which relief can be granted. Defs. Br. at 1. Plaintiff brought a state law claim against Defendants for slander and libel and claimed "diversity" as the Court's basis of subject matter jurisdiction over the purely state law claim. *See* Civil Cover Sheet at 1. Defendants argue that there "is plainly no diversity jurisdiction in this case." Defs. Br. at 3. The Court agrees.

Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over civil actions in which the matter in controversy exceeds $75,000 and there is complete diversity of citizenship. *See Wisconsin Dept. Corr. v. Schacht*, 524 U.S. 381, 389 (1998). "The party asserting diversity jurisdiction bears the burden of proof. A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." *McCann*, 458 F.3d at 286 (citations omitted).

Here, Plaintiff alleges an amount in controversy that "exceeds $75,000." *See* Civil Cover Sheet at 1. Plaintiff does not, however, meet his burden of establishing complete diversity. *See McCann*, 458 F.3d at 286. The evidence before this Court shows that Plaintiff was a citizen of New York at the time the complaint was filed. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (stating that "the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing"); *see also Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (stating that "[a] natural person is deemed to be a citizen of the state where she is domiciled."). Plaintiff lists New York as his home address and acknowledges that he "resided within [] New York State at the time this lawsuit's filing."[3] *See*

---

[3] Plaintiff argues that the "true measure of diversity of citizenship actually existed at the time of filing because though [he] resided within the New York State at the time of this lawsuit's filing, the defendant's defamatory, willful, and negligent business practices that are the focus of this

4

Compl. at 1; *see also* Pls. Br. at 1. Defendant, NYP Holdings, Inc.,[4] was also a New York citizen at the time the complaint was filed. *See* 28 U.S.C. § 1332(c)(1). A corporation is a citizen of every "State or foreign state where it has its principal place of business," and NYP Holdings, Inc.'s principal place of business is in New York. *See* 28 U.S.C. § 1332(c)(1); *see also* Defs. Br. at 2 (stating that "NYP Holdings, Inc. is incorporated in Delaware and has its principal place of business at 1211 Avenue of the Americas, New York, New York, 10036."). Accordingly, the facts before the Court clearly show a lack of complete diversity, and Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.[5] *See Wisconsin Dept. Corr.*, 524 U.S. at 389.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Defendants' Motion to Dismiss and dismisses the instant action for lack of subject matter jurisdiction. *See Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1145 (3d Cir. 1972) (stating that "dismissal for lack of jurisdiction" is proper where "no complete diversity exists between the parties").

---

lawsuit crossed state and international lines." Pl. Br. at 1. Plaintiff encloses a legal article that he alleges "clearly suggest[s] that the defendant can be sued within New Jersey on this basis." Pl. Br. at 1. The enclosed article discussed *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and personal jurisdiction at length. Pl. Br. at 3. Plaintiff conflates personal jurisdiction with subject matter jurisdiction, the subject at issue in Defendants' motion to dismiss. *See* Pl. Br. at 3 (discussing "jurisdiction over the *person* of the defendant by the court" not jurisdiction over the subject matter of the underlying lawsuit) (emphasis added). Accordingly, Plaintiff's argument fails.

[4] Defendants argue that "The New York Post, Inc. does not exist and therefore has no citizenship." Defs. Br. at 3. The Court agrees. *See* 28 U.S.C. § 1332(c)(1).

[5] In light of this conclusion, the Court need not address Defendants' argument that this "action must be dismissed because the Complaint fails to state a claim upon which relief can be granted." Defs. Br. at 5.

5

DATED: February 7, 2013

/s/ Jose L. Linares  
Jose L. Linares  
United States District Judge